IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EDWARD MONROE LITTLE,    :    No. 08-2291
    :
        Plaintiff,    :
    :    Judge John E. Jones III
        v.    :
    :    (Magistrate Judge Mannion)
JASON COY REID    :
    :
        Defendant.    :

## MEMORANDUM

### May 14, 2009

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Malachy E. Mannion (Rec. Doc. 14) which recommends that the above captioned case be transferred to the Western District of North Carolina. No objections to the R&R have been filed by either party.[1] For the reasons set forth below, the Court will adopt the R&R.

## I.    STANDARD OF REVIEW

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). According to the

---

[1] Objections were due by April 27, 2009. To this date, none have been filed.

Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

## II. BACKGROUND

Plaintiff Edward Monroe Little ("Plaintiff" or "Little") filed a *pro se* civil rights action against Defendant Jason Coy Reid ("Defendant" or "Reed") on December 22, 2008. (Rec. Doc. 1). Through a well-reasoned R&R dated April 9, 2009, Magistrate Judge Mannion recommended that we transfer the instant case to the Western District of North Carolina pursuant to 28 U.S.C. § 1404(a), as venue is proper in the district.

As we have already mentioned, neither Defendant nor the Plaintiff have filed objections to this R&R. Because we agree with the sound reasoning that led the

Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its

entirety. With a mind towards conserving judicial resources, we will not rehash the

reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this

document, as it accurately reflects our consideration and resolution of the case sub

judice. An appropriate Order will enter.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD MONROE LITTLE, | : | |
| Plaintiff | : | CIVIL ACTION NO. 4:08-2291 |
| v. | : | (JONES, D.J.) |
| | | (MANNION, M.J.) |
| JASON COY REID, | : | |
| Defendant | : | |

## REPORT AND RECOMMENDATION

On December 22, 2008, the plaintiff filed the instant *pro se* civil rights action, (Doc. No. 1), along with an application to proceed *in forma pauperis*, (Doc. No. 2), and an authorization form, (Doc. No. 3). A financial administrative order was issued on December 24, 2008. (Doc. No. 5). On January 9, 2008, an order was issued referring the case to the undersigned for full pre-trial management. (Doc. No. 6). The case will now be given preliminary consideration pursuant to 28 U.S.C. §1915(e)(2).

The plaintiff, currently an inmate at the United States Penitentiary at Allenwood, White Deer, Pennsylvania, has filed the instant civil rights action against Jason Coy Reid, a member of the Maiden Police Department, Maiden, North Carolina. The plaintiff alleges that defendant Reid "affected [his] false imprisonment on charges for a life sentence without probable cause to do so." The plaintiff is seeking compensatory and punitive damages.

In a civil action, not based solely on diversity, venue is proper:

only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the

claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. (Emphasis added.)

28 U.S.C. §1391(b).

Here, defendant Reid presumably resides in Maiden, North Carolina, where he is a member of the Maiden Police Department. Moreover, it would appear that this is where a substantial part of the events giving rise to the claim occurred. Therefore, §§1391(b)(1), (2) create proper venue in the United States District Court for the Western District of North Carolina where Maiden is located, not the Middle District of Pennsylvania.

In considering proper venue, the court must look at the factors set forth in §1404(a) in rendering an appropriate decision that is in the interest of justice. See generally, Jumara v. State Farm Insurance Co., 55 F.3d 873, 879 (3d Cir. 1995). "For the convenience of parties and witnesses, in the interest in justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. §1404(a).

In this case, the action is in its early stages. Based upon the allegations set forth in the complaint, the defendant and all potential witnesses would be located in the Western District of North Carolina. As such, the matter properly belongs in the Western District of North Carolina and the interests of justice require its transfer to that District.

On the basis of the foregoing, **IT IS RECOMMENDED THAT:**

the instant action be transferred to the Western District of North

Carolina pursuant to 28 U.S.C. §1404(a).


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**


**Date:** April 9, 2009

O:\shared\REPORTS\2008 Reports\08-2291-01.wpd

3